342

### WASHABAUGH, Plaintiff-Appellant, v. KAISER, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2155. Decided November 21, 1951.

Jacobson & Durst, Dayton, for plaintiff-appellant.
William A. Swaney, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery County reversing the judgment of the Municipal Court of Dayton.

The plaintiff sued for damages growing out of an automobile collision. The defendant filed a cross-petition for damages. The case was tried to the court without the intervention of a jury. The trial court made a general finding in favor of the plaintiff on his petition on which judgment was rendered, but made no finding on defendant's cross-petition.

On appeal the Common Pleas Court reversed the judgment in favor of the plaintiff on the ground that the judgment was against the manifest weight of the evidence.

The evidence shows that each automobile backed toward the other for a distance of between thirty and forty feet (there is some evidence that the driver of plaintiff's automobile backed approximately seventy feet) on the improved portion of the street, which consisted of only one lane of travel. The evidence shows that the driver of neither automobile gave warning; and that the driver of defendant's automobile did not see the plaintiff's automobile until the moment of the impact; there is no evidence as to whether the driver of plaintiff's automobile saw the defendant's automobile at any time before the impact. Both drivers started to back their

automobiles at about the same time. The collision occurred in the day time and at a place and in such a manner that if either driver had looked he could have seen the other automobile.

The evidence is undisputed that the driver of plaintiff's automobile failed to give any warning, as provided in §6307-37 GC. In **Buckeye Stages Inc. v. Bowers, 129 Oh St 412,** it was held that a violation of former §6310-21 GC, which contained language similar to §6307-37 GC constituted negligence per se. The plaintiff's own evidence raised a presumption of contributory negligence. Plaintiff offered no proof tending to rebut such presumption. If the driver of plaintiff's automobile had given "ample warning" as provided in §6307-37 GC, in all probability no collision would have occurred. "Ample warning" as used in this section means a warning fully sufficient to apprise those entitled thereto of the backward movement of an automobile, in order to discharge the duty of reasonable care. **City Ice & Fuel Co. v. Center, 54 Oh Ap 116.**

The Common Pleas Court held that the judgment was against the manifest weight of the evidence and remanded the cause for new trial. Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.